**Thomas C. CARROLL, Appellant,**

v.

**CITY OF LOUISVILLE et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 16, 1962.

Thomas C. Carroll, pro se.

William E. Berry, Director of Law, Marshall B. Woodson, Jr., Louisville, for appellees.

WADDILL, Commissioner.

Appellant, Thomas C. Carroll, brought this action against appellees, City of Louisville and certain agencies thereof, seeking to recover damages in the sum of $7,750 which he allegedly sustained by reason of the city's refusal to issue a certain building permit. The circuit court sustained a motion to dismiss on the ground that the complaint did not state a claim on which relief could be granted. The appeal is from the judgment of dismissal.

We summarize the allegations which constitute the basis of appellant's claim. Appellant obtained an option to purchase certain real estate located in Louisville. The option gave him the right to acquire this property for $9,250. Subsequently, and during the effective term of the option, appellant received an offer of $17,000 for the property. This offer was contingent upon the city's issuing a building permit for the erection of improvements thereon. In the meantime the Board of Aldermen of the City of Louisville had passed a resolution authorizing the city to acquire by condemnation or purchase an area of real estate, including that optioned to appellant, for the purpose of establishing a redevelopment project. After the passage of the resolution the city refused to issue a building permit and appellant was unable to consummate the sale of the property for $17,000. Appellant asserted that the city's refusal to issue the building permit to him or his prospective purchaser amounted to a taking of his legal interests in the property without due process of law by which he was damaged in the sum of $7,750.

The issuance of building permits by the City of Louisville is regulated by an ordinance requiring that applications for such permits be made by the owner of

the property. Assuming, without deciding, that an action of this character may be brought against a city, the complaint is fatally defective because there is no allegation that the owner of the property complied with the ordinance by filing an application for a building permit. Irving **v.** City of Highlands, Colo., 53 P. 234. Moreover, as to appellant's assertion that there had been a taking of his legal interests in the property amounting to a condemnation thereof by the city, we have specifically said that a holder of an option to purchase real estate does not have an interest which is compensable in a proceeding to condemn the land. City of Ashland v. Kittle, Ky., 347 S.W.2d 522.

The circuit court correctly held that appellant had failed to state a claim upon which relief could be granted.

Judgment affirmed.